OPINIONS OF THE SUPREME COURT OF OHIO
        The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
        Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
        NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Lawhorn, Appellee, v. White, Mayor, et al.,
Appellants.
[Cite as State ex rel. Lawhorn v. White (1993),        Ohio
St.3d        .]
Public records -- Release of records pertaining to defendant's
        arrest and conviction for rape -- Court errs in ordering
        release of records when it neither considers claims that
        certain records were exempt from public release nor
        performs the requisite in camera inspection of the
        disputed records.
        (No. 92-1555 -- Submitted May 18, 1993 -- Decided August
18, 1993.)
        Appeal from the Court of Appeals for Cuyahoga County, Nos.
63290 and 63389.
        In December 1991, relator-appellee, Anthony Lawhorn, asked
a Cleveland police commander to release public records
pertaining to Lawhorn's arrest and conviction for rape.
Following alleged inaction by the police, Lawhorn filed
complaints in mandamus in the court of appeals under R.C.
149.43 against respondents, Cleveland Mayor Michael White,
Cleveland's safety director, and its chief of police.
Respondents moved to dismiss the complaints as consolidated,
since relator had never directly asked them for the records.
        The court of appeals denied respondents' motion to
dismiss, granted relator's summary judgment motion, and issued
a writ of mandamus ordering respondents to release records they
held.
        The cause is now before us upon an appeal as of right.

        Anthony Lawhorn, pro se.
        Danny R. Williams, Director of Law, and Pamela A. Pfleger
Walker, Assistant Director of Law, for appellants.

        Per Curiam.  Appellants argue that the court of appeals
erred by neither considering their claims that certain records
were exempt from public release nor performing the requisite in
camera inspection of disputed records.  We agree.  The case is
remanded to the court of appeals to consider respondents'

exemption claims and to perform the required in camera inspection of disputed records. State ex rel. Natl. Broadcasting Co. v. Cleveland (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph four of the syllabus; State ex rel. Natl. Broadcasting Co. v. Cleveland (1991), 57 Ohio St.3d 77, 80-81, 566 N.E.2d 146, 150.

The judgment of the court of appeals is reversed and the cause is remanded as set forth in this opinion.

Judgment reversed
and cause remanded.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents.

Pfeifer, J., dissenting. At the post-conviction relief stage, the reasons justifying the opening of a defendant's file outweigh the interest in keeping it closed. The post-conviction relief remedy is the last hope Ohio law offers an innocent defendant. If a conviction rests on the denial or infringement of a defendant's rights, evidence of that could be found in the files of the police or prosecutor. We do not serve our judicial system by hiding information from a convicted defendant. Trial strategy concerns are irrelevant -- the trial is over. The question is whether the state acted constitutionally in achieving the conviction. While a public records request will only in the most rare instances yield a successful petition for post-conviction relief, we must remain attentive to the rights of the theoretical "innocent man." Along with the philosophical benefit of doing all we can to see justice ultimately done, opening the defendant's entire file also conveys the more measurable financial benefit of eliminating the need for costly and time-consuming appeals of public records requests.

An exception to the general rule of transmitting the entire file to a convicted defendant should be made when the file contains information regarding an ongoing investigation regarding other potential defendants. In such an instance, an in camera review of the file is appropriate, upon the request of the party from whom the information is sought. In this case, appellants made no claim of an ongoing investigation. Thus, the court of appeals correctly declined to perform an in camera review. I therefore respectfully dissent from the majority opinion.